IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON KAUFFMAN | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 07-CV-5043 |
| PAMELA FRANZ, et al. | : | |
| | : | |
| Defendants | : | |

MEMORANDUM OPINION & ORDER

GOLDEN, J.                                                                                                September 24, 2009

Before the court is Defendant Pottstown Memorial Medical Center and Pottstown Hospital Company's[1] (collectively hereinafter "PMMC") motion for partial summary judgement as to Plaintiff's claim under the Emergency Medical Treatment and Active Labor Act ("EMTALA"). Because there are genuine issues of material fact remaining, Defendant's motion is DENIED.

FACTUAL BACKGROUND

Plaintiff's decedent, John Kauffman, contacted his friend Linda Curry at approximately 5:00 a.m. on March 23, 2007 to ask her for a ride to the hospital. (Pl.'s Counterstatement of Material Facts ¶ 1). Mr. Kauffman told Ms. Curry that he was experiencing chest pain and trouble breathing, and believed he was having a heart attack. (*Id.*) Mr. Kauffman reported feeling clammy, and having difficulty putting his shoes on his feet, which had swollen. (*Id.*) Ms. Curry took Mr. Kauffman to Defendant's Emergency Room. Once at the Emergency Room, Mr. Kauffman was seen by triage at 5:39 a.m. and admitted with a diagnosis of "difficulty breathing." (*Id.* ¶ 2). Mr. Kauffman's chief complaint

---

[1] Plaintiff also brought this action against two individual physicians, Pamela Franz, M.D. and Stephen Spencer, M.D. Defendants Franz and Spencer made motions for joinder in PMMC's motion for partial summary judgment on Plaintiff's EMTALA claim. The Court has previously held that EMTALA does not provide a private right of action against individual physicians (Doc. # 54). Therefore, the Court denies the motions for joinder made by Defendants Franz (Doc. # 46) and Spencer (Doc. # 47) as moot.

was recorded by the triage nurse as an "anxiety attack." (*Id.* ¶ 3).

At 5:45 a.m., defendant Pamela Franz, M.D., an attending physician in the PMMC emergency room, examined Mr. Kauffman. (*Id.* ¶ 4). At 5:53 a.m., pursuant to his chief complaint of anxiety, Dr. Franz cleared Mr. Kauffman to proceed to a psychiatric assessment, which was performed by mental health worker Will Poskitt. (*Id.* ¶ 6-8). Mr. Poskitt documented that Mr. Kauffman came to the ER "complaining of chest pains, high anxiety, hyperventilation, sleeplessness." (*Id.* ¶ 8). Mr. Poskitt informed Dr. Franz that Mr. Kauffman complained of chest pain. (*Id.* ¶ 10). Dr. Franz testified that she asked Mr. Kauffman if he had chest pain, and he responded that he did not. (*Id.* ¶ 11-13). Dr. Franz did not record Mr. Kauffman's response to her inquiry, or further evaluate his cardiac health. (*Id.* ¶ 11-13).

Mr. Kauffman received an injection of Ativan to treat his anxiety, and was discharged. (*Id.* ¶ 26, 28). Within six hours of his departure from the hospital, Mr. Kauffman died from a myocardial infarction. (*Id.* ¶ 33).

STANDARD OF REVIEW

Summary judgment is appropriate if the record, including pleadings, depositions, affidavits, and answers to interrogatories demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c). In making that determination, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The question is whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. See also *Sommer v. The Vanguard Group*, 461 F.3d 397, 403-04 (3d Cir. 2006). A jury must resolve any issues of credibility, or weighing of evidence. *Anderson*, 477 U.S. at 255.

ANALYSIS

Congress enacted EMTALA to prevent hospitals from refusing to provide emergency medical

care to patients, or from transferring patients with emergency conditions before those conditions are stabilized. *Slabik v. Sorrentino*, 891 F. Supp. 235, 237 (E.D. Pa. 1995) (internal citations omitted). Chest pain is considered to be an emergency medical condition under EMTALA.[2] EMTALA requires that hospitals provide "an appropriate medical screening examination within the capability of the hospital's emergency department...to determine whether or not an emergency medical condition exists." 42 U.S.C. § 1395dd(a).

The text of EMTALA does not define "appropriate medical screening," but Circuit Courts of Appeal have interpreted the statute as requiring hospitals to provide uniform screening "to all those who present substantially similar complaints." *Cruz-Quiepo v. Hosp. Espanol Auxilio Mutuo de Puerto Rico*, 417 F.3d 67, 70 (1st Cir 2005). Hospitals may develop their own screening procedures; EMTALA requires that hospitals apply those procedures even-handedly to all patients. *Summers v. Baptist Med. Ctr. Arkadelphia*, 91 F.3d 1132, 1138 (8th Cir. 1996).

Once a hospital "determines that the individual has an emergency medical condition," 42 U.S.C. § 1395dd(b)(1), it is required to provide "such treatment as may be required to stabilize the medical condition." *Id.* at (b)(1)(A). A hospital's duty to stabilize extends only to those conditions it knows a patient to have. *Jackson v. East Bay Hosp.*, 246 F.3d 1248, 1256-57 (9th Cir. 2001).

EMTALA does not create a federal medical malpractice cause of action. The issue in an EMTALA case is not whether a physician *should have detected* an emergency condition, but whether a physician provided appropriate screening and stabilization for "those conditions the physician perceives the patient to have." *Summers*, 91 F.3d at 1139. Thus, in this case, the issue is whether Dr. Franz perceived that Mr. Kauffman had chest pain and acted as she would have with any similarly situated

---

[2] An emergency medical condition is defined as "a medical condition manifesting itself by acute symptoms of sufficient severity (including severe pain) such that the absence of immediate medical attention could reasonably be expected to result in – (i) placing the health of the individual . . . in serious jeopardy, (ii) serious impairment to bodily functions, or (iii) serious dysfunction of any bodily organ or part." 42 U.S.C. § 1395dd(e)(1)(A).

patient.

Defendant PMMC argues that, by asking Mr. Kauffman if he was experiencing chest pain, Dr. Franz provided screening as required by EMTALA. Plaintiff argues that Dr. Franz should have followed the protocol for screening patients with chest pain established at PMMC, which would include an EKG, lab studies, cardiac monitoring, and chest x-rays. Plaintiff further argues that PMMC had a duty to stabilize Mr. Kauffman's condition before discharging him.

The record contains conflicting evidence regarding Dr. Franz's perception of Mr. Kauffman's condition. Dr. Franz has testified that Mr. Kauffman told her that he was not suffering from chest pain. On the other hand, testimony and documents support Plaintiff's assertion that Mr. Kauffman complained of chest pain to both his friend Linda Curry and to mental health worker Will Poskitt shortly before and after his interviews with Dr. Franz, and that Mr. Poskitt informed Dr. Franz about Mr. Kauffman's complaint. At the summary judgment phase, the Court looks at Mr. Poskitt's notes and draws the inference that Mr. Kauffman informed the hospital of his complaint of chest pain. *Cruz-Quiepo*, 417 F.3d at 71-72.

Although Defendant argues that Dr. Franz screened Mr. Kauffman and treated him as she would treat any patient who *did not* complain of chest pain, the preliminary question of what Dr. Franz knew remains unresolved. All other questions–whether Dr. Franz treated Mr. Kauffman as she would have any other patient; and whether the hospital had a duty to stabilize Mr. Kauffman's condition–flow from this first inquiry into what Dr. Franz understood Mr. Kauffman's condition to be. The job of factual resolution, and of weighing the evidence and evaluating the witnesses who present it, belongs to a jury. Because this issue of material fact remains, the Court denies Defendant's motion for partial summary judgment.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON KAUFFMAN | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO.  07-CV-5043 |
| PAMELA FRANZ, et al. | : | |
| | : | |
| Defendants | : | |

ORDER

AND NOW, this 24th day of September, 2009, upon consideration of Defendant Pottstown Memorial Medical Center's Motion for Partial Summary Judgment (Doc. No. 45) as well as the Plaintiff's responses thereto, it is hereby ORDERED that the Motion for Partial Summary Judgment is DENIED.  It is further ORDERED that the Motions for Joinder filed by Defendants Pamela Franz (Doc. No. 46) and Stephen Spencer (Doc. No. 47) are DENIED as moot.

BY THE COURT:


*S/THOMAS M. GOLDEN*
THOMAS M. GOLDEN, J.